IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MARION HAMPTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 118-053 |
| | ) | |
| MARK MOORE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, formerly detained at Cecil Moore Detention Center in Washington, Georgia, brings the above-styled action pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

**I.  BACKGROUND**

Petitioner commenced this action by submitting a habeas corpus petition to the Northern District of Georgia on March 16, 2018, (see doc. no. 1), but he did not pay the $5.00 filing fee or submit a motion to proceed *in forma pauperis* ("IFP"). On March 22, 2018, United States Magistrate Judge Justin S. Anand transferred the petition to the Southern District of Georgia because Petitioner was attempting to challenge convictions and sentences from Wilkes County, Georgia. (Doc. no. 2.) Upon transfer to this District, the Clerk of Court sent Petitioner a deficiency notice explaining he must, within twenty-one days, either

pay the $5.00 filing fee or submit the enclosed IFP motion. (Doc. no. 5.) The Clerk's notice also stated, "Failure to comply with this notice may result in dismissal by the Court." (Id.) The Clerk's deficiency notice was returned as undeliverable, (doc. no. 6), and Petitioner has not otherwise contacted the Court.

## II.     DISCUSSION

### A.    The Petition Should Be Dismissed Because Petitioner Failed to Exhaust State Remedies.

The procedural history of Petitioner's underlying case, as well as the exact nature of Petitioner's claims for federal habeas relief, are not clear from the minimal information provided in the petition. Nevertheless, the Court can discern the following.

Petitioner states he was convicted on February 22, 2018, of felony obstruction of an officer and was sentenced to serve two years of a five-year sentence in confinement. (Doc. no. 1, p. 1.) Petitioner further states he did not file an appeal of his judgment of conviction but did file a "motion to show cause re: patent infringement" in the Superior Court of Wilkes County. (Id. at 3, 12.) Petitioner's one ground for relief in his federal habeas corpus petition states, "Challenge the Court's Jurisdiction." (Id. at 5.) Additionally, Petitioner states he filed motions to challenge the court's jurisdiction, but his motions were ignored. (Id. at 4-8.) Confusingly, Petitioner states that he did, and did not, file a motion and/or state habeas corpus petition, but he also contends he was never given an opportunity "to raise the issue." (Id. at 9-11.)

#### 1.    The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the

remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause

3

to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

### 2.     Petitioner Failed to Exhaust State Remedies.

Petitioner does not allege that he has exhausted his state court remedies. As explained above, Petitioner has been unable to consistently state whether he has filed for any kind of post-conviction relief, let alone identify what type of relief he may have sought. Moreover, as Petitioner states he was convicted and sentenced on February 22, 2018, his federal petition was filed in the Northern District of Georgia even before the thirty days allowed for filing a direct appeal had expired. See O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of.").

Similarly, although Petitioner argues he was not given the opportunity to file a state habeas corpus petition with the Clerk of Court in Wilkes County, as explained below, it appears Petitioner is no longer located in Wilkes County such that Wilkes County could even be considered the proper venue for his state habeas corpus petition. See O.C.G.A. § 9-14-43 ("A petition brought under this article must be filed in the superior court of the county in which the petitioner is being detained. The superior courts of such counties shall have exclusive jurisdiction of habeas corpus actions arising under this article.") Moreover, Georgia case law is clear that, subject to various state procedural requirements, the state habeas courts are available for Petitioner to challenge the jurisdiction of the court of conviction. See Munye v. State, 803 S.E.2d 775, 779 (Ga. App. 2017).

Requiring exhaustion will allow for factual development of Petitioner's claim(s) and provide the state courts the first opportunity to correct any alleged constitutional violations.

As Petitioner has not exhausted available state court remedies, his federal habeas corpus petition should be dismissed without prejudice.

> **B.    The Petition Also Should Be Dismissed Because Petitioner Failed to File an IFP Motion or Pay the $5.00 Filing Fee.**

As described above, the Clerk of Court informed Petitioner of the need to file an IFP motion or pay the $5.00 filing fee and warned Petitioner that failure to comply could result in dismissal of this case without prejudice.  (Doc. no. 5.)  Nevertheless, Petitioner has not submitted an IFP motion or paid the filing fee.  In fact, he has not communicated with the Court at all, and his mail has been returned as undeliverable, leaving the Court saddled with a stagnant case in which no communication with Petitioner seems possible.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."); Loc. R. 4.1 (commencing civil action requires payment of filing fee or filing IFP motion and failure to respond to Clerk's deficiency notice may result in dismissal by the Court).  Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte*, or on motion of any party, dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness."  Loc. R. 41.1(c).

Thus, even if Petitioner had exhausted state remedies, which it does not appear he has, his case is also subject to dismissal for failure to pay the filing fee, submit a motion to proceed IFP, or provide the Court with a current address by which to communicate with him about his case.

### III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of April, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA